Zeljko DELAC, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, Respondent.

No. 02–2896, 02–4370.

United States Court of Appeals, Seventh Circuit.

Submitted April 20, 2004.*

Decided April 28, 2004.

Kenneth Y. Geman, Royal F. Berg, Chicago, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Michelle E. Gorden, Department of Justice, Washington, DC, for Respondent.

---

* The court granted the petitioner's motion to waive oral argument.

Before EASTERBROOK, EVANS, and WILLIAMS, Circuit Judges.

### Order

Zeljko Delac arrived in the United States in May 1991. At the time he was a citizen of Yugoslavia. One month later Croatia, where he was born and lived, declared its independence. Civil war followed. Delac applied for asylum, giving as his sole ground the fighting then under way. By 1998, when immigration officials provided him a hearing, the civil war had long since ended and Croatia had been established as a democracy. Delac then told a new story--that he had been persecuted for anticommunist beliefs and actions before his departure from Yugoslavia, and that his relatives likewise had suffered under communist rule. The immigration judge found the new story incredible and added that because Croatia is a non-communist democracy, Delac faces no risk of persecution there. (Delac contended that the communist regime had persecuted him as a Roman Catholic on religious as well as political grounds; but today Catholicism is freely practiced and is indeed the dominant religion in Croatia.) The IJ ordered Delac removed to Croatia. The Board of Immigration Appeals affirmed without opinion. Next Delac filed a motion to reopen, seeking benefits under the Nicaraguan Adjustment and Central American Relief Act, 111 Stat. 2160 (1997), which affords relief to some persons from Eastern Europe as well. The Board denied this motion as untimely. Delac petitions for review of both decisions.

■ The IJ's credibility decision is supported by substantial evidence. The change between Delac's story in 1991 and his story in 1998 is dramatic. The IJ could conclude that the first story reflects Delac's honest views, while that offered in 1998 reflects what friends had told him would be most effective in seeking asylum. In this court Delac asserts that the difference is explained by the extreme emotional difficulty he encountered in relating what had happened to him and his family. That is possible but far from inevitable; it does not explain why in 1991 Delac did not supply *any* of the details narrated in 1998, or why in 1991 he checked "no" to a question asking whether he or any member of his family had been persecuted. The IJ was entitled to find that the 1998 story was a recent invention. See *Capric v. Ashcroft*, 355 F.3d 1075, 1091 (7th Cir.2004); *Pop v. INS*, 270 F.3d 527, 531–32 (7th Cir.2001).

■ What is more, the events related in 1998 (if accepted as truth) were not so severe that they preclude a person's return to a nation where future persecution is unlikely. Immigration officials are entitled to set a high standard for the sort of past persecution that creates a right to asylum even though there is little risk of future persecution. See *Bucur v. INS*, 109 F.3d 399, 405 (7th Cir.1997). Even if everything happened just as Delac said in 1998, the events are not so extreme that they create a legal entitlement to remain in the United States.

■ As for the petition to reopen under NACARA: administrative regulations require that an application be filed no later than September 11, 1998, and be completed by November 18, 1999. Delac did not seek relief under NACARA until August 2002. He says that he could not file a petition to reopen until the BIA had rendered its initial decision, which is true, but this does not explain why he failed to apply in some other way. The IJ inquired about the application of NACARA. Delac's lawyer said that he is ineligible because he entered the United States after the cutoff date for NACARA relief. That may or may not be right; we need not decide. It

is enough to say that Delac had ample opportunity to file a timely application and did not do so.

The petitions for review are denied.